OPINION CONCURRING IN PART AND CONCURRING IN THE JUDGMENT BY
RECKTENWALD, C.J.
I join in all aspects of the Majority’s opinion except the discussion in Part IV-B of whether the circuit court’s alleged intimidation of the defendant played a role in his decision not to testify. As the Majority notes, that discussion addresses an issue that is not necessary to the opinion, and accordingly, I do not join in that portion of the Majority opinion.
With regard to the Tachibana colloquy, I join the Majority’s analysis because I believe the court was required to follow up more completely on defendant’s comment that “I want to [testify] but I can’t, I don’t think I can, so I’m not going to.” The court responded to that comment by reiterating that “it’s your decision, it’s your case, and it’s you who has to make that decision,” and defendant stated, “I choose not to.” However, given the ambiguity of defendant’s comment that “I can’t” testify, the court should have inquired about the basis for defendant’s apparent doubt. The need to inquire further in light of that comment was particularly clear in light of defendant’s conduct earlier in the trial, which in effect constituted a “salient fact” that required additional caution on the part of the trial judge. See State v. Gomez-Lobato, 130 Hawai'i 465, 470-73, 312 P.3d 897, 902-05 (2013).